Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDITH CARR,<br><br>                    Plaintiff,<br><br>          vs.<br><br>FORSTER & GARBUS LLP D/B/A FORSTER, GARBUS & GARBUS and JOHN DOES 1 to 10,<br><br>                    Defendants. | Civil Action No.<br><br><br><br>**COMPLAINT** |

Plaintiff, Judith Carr, by way of Complaint against Defendants, Forster & Garbus LLP d/b/a Forster, Garbus & Garbus and John Does 1 to 10, says:

### I.    NATURE OF THE ACTION

1.      This action for damages arises from the Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").  As described more fully below, Defendant violated the FDCPA by continuously contacting Plaintiff after it received Plaintiff's cease communication letter.  Defendant also violated the FDCPA by exposing Plaintiff's personal financial account number.

### II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.      Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

### III.    PARTIES

4.      Plaintiff, Judith Carr, is a natural person residing in Bayonne, New Jersey in Hudson County.

5.      Defendant, Forster & Garbus LLP d/b/a Forster, Garbus & Garbus ("FGG") is a New York limited liability partnership with a New York law office located at 60 Motor Parkway, Commack, New York 11725 and a New Jersey law office located at 7 Banta Place, Hackensack, New Jersey 07601.

6.      Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

### IV.    FACTS

7.      Defendant is not in the business of extending credit, selling goods or services to consumers.

8.      Defendant regularly collects of attempts to collect debts.

9.      Defendant regularly collects or attempts to collect defaulted debts.

10.     Defendant regularly collects or attempts to collect debts allegedly owed to others.

11.     Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

12.     Defendant is in the business of collecting defaulted debts or alleged debts of natural persons.

13.     Defendant is in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household

purposes.

14.     In attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce

15.     Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

16.     Defendant is a New York limited liability partnership engaged in the practice of law.

17.     Defendant has asserted that Plaintiff incurred or owed certain financial obligation to Midland Funding LLC ("Debts" or "Accounts").

18.     The Debt is alleged to arise from one or more transactions.

19.     The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

20.     The Account was assigned to Defendant for the purpose of collecting or attempting to collect the Debt.

21.     Defendant contends that the Account is in default.

22.     The Account was in default at the time it was placed with or assigned to Defendant for collection.

### V.    FAILURE TO CEASE COMMUNICATION

23.     On or about March 19, 2014, Plaintiff wrote and mailed a letter to Defendant "requesting that you cease any further communication with me . . . ."

24.     A true copy of the March 19, 2014 cease communication letter with redactions and the USPS Certified Mail Return Receipt are attached as Exhibit A.

25.    Defendant received the cease communication letter on March 21, 2014.

26.    Nevertheless, Defendant continued to call Plaintiff on March 21, 2014; March 24, 2014;

March 25, 2014; March 26, 2014; March 27, 2014, April 1, 2014; April 4, 2014; April 7, 2014;

April 8, 2014; April 10, 2014; April 11, 2014 and on, so much so that Plaintiff stopped picking

up calls.

27.    Further, in an attempt to collect the Debt, Defendant mailed a letter to Plaintiff on or

about April 30, 2014.

28.    Plaintiff received the letter and reviewed the same.

29.    A true copy of the April 30, 2014 letter with redactions is attached as Exhibit B.

## VI.    EXPOSURE OF CONFIDENTIAL INFORMATION

30.    The letter was sent in a windowed envelope.

31.    Being sent in a windowed envelope, the account number stated in the letter and

associated with the Debt was visible through the transparent window of the envelope.

32.    Being sent in a windowed envelope, the *Quick Response* Code ("QR Code") containing

the account number stated in the letter and associated with the Debt was visible through the

transparent window of the envelope.

33.    It is the policy and practice of Defendant to send written communications which reveal

the account numbers and the QR Codes containing the account numbers through the transparent

window of the envelopes, which is in violation of 15 U.S.C. §§ 1692f and 1692f(8).

## VII.    FAIR DEBT COLLECTION PRACTICES ACT

34.    Plaintiff reasserts and incorporates herein the allegations contained in the preceding

paragraphs.

35.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

36.     The Debt allegedly owed by Plaintiff is a consumer "debt" as defined by 15 U.S.C. §
1692a(5).

37.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

38.     The calls and the letter are "communications" pursuant to 15 U.S.C. § 1692a(2).

39.     The calls and the letter were sent by Defendant to Plaintiff in an attempt to collect the
Debt.

40.     Defendant's conduct as set forth above violated 15 U.S.C. §§ 1692c(c), 1692d, 1692d(5),
1692f and 1692f(8) of the FDCPA

41.     The violations of the FDCPA described herein constitute *per se* violations.

42.     As a result of Defendant's violations of the FDCPA, Plaintiff seeks damages, attorney's
fees, and costs.

43.     **WHEREFORE**, Plaintiff, Judith Carr, demands judgment against Defendant, Forster &
Garbus LLP d/b/a Forster, Garbus & Garbus as follows:

    A.     Damages under the FDCPA;

    B.     For attorney's fees, litigation expenses and costs of suit;

    C.     For pre-judgment and post-judgment interest; and

    D.     For such other and further relief as Plaintiff may be entitled or as the Court deems
equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the
matter in controversy is not the subject of any other action pending in any court or of any

pending arbitration or administrative proceeding.

*s/ Yongmoon Kim*
Yongmoon Kim, Esq.
Kim Law Firm LLC
411 Hackensack Avenue 2nd Fl.
Hackensack, NJ 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com
*Attorneys for Plaintiff*

Dated: March 16, 2015